**EDWIN H. ARMSTRONG, Petitioner**

**v.**

**BOARD OF TRUSTEES, GOVERNMENT EMPLOYEES RETIREMENT SYSTEM, Respondent**

Civil No. 79-66

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 7, 1981

PETER A. MARTIN, ESQ., St. Thomas, V.I., *for petitioner*

ROBERT L. KING, Esq., St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## OPINION

The Court is called upon to review a February 7, 1979, ruling of the Board of Trustees of the Government Employees Retirement System (hereinafter, the Board).

Petitioner is a retired employee of the Government of the Virgin Islands. He had sought to have included in the computation of creditable service for retirement, not only the time served by him in the active service of the United States Navy, but the time spent on inactive service as well. The Board gave petitioner credit for the time served in active duty, but denied his application for credit for the years spent in the inactive reserve of the U.S. Navy. Petitioner claims that the decision of the Board in this respect was erroneous.

By letter dated February 7, 1979, the Board advised petitioner that

> the only military service credit to be given for retirement purpose was that of active duty in the military and reserve service. Based on this, the total amount of credit amounts to 4 1/4 years.

In this connection the Court notes that a document which petitioner had submitted to the Board divided his naval service into

three categories, (a) active duty, 1 August 1942 to 25 September 1946, whereupon he was released from active duty, (b) active duty for training May 28, 1948, to June 13, 1948, and August 26, 1949, to September 10, 1949, and (c) inactive duty,. September 26, 1946, to May 27, 1948, June 14, 1948, to August 25, 1949, and September 11, 1949, to September 1, 1955, whereupon he was discharged.

It appears that the decision to deny petitioner's application was made by the Board at a January 20, 1979, meeting. The minutes of that meeting reflect that

> [t]he Assistant Administrator brought up the claim for inactive military service for Edwin Armstrong. Mr. Armstrong filed an application for a retirement annuity and was advised that he would receive credit for his government service which included four years of active military duty but his inactive reserve would not be used in the computation of his benefits. He felt that such service must be recognized.

> It has always been the understanding of this office that § 704(d) which provided for military credit was only intended to allow credit for active duty. It was noted also from transcripts that the Federal Government separates the active from the inactive duty and this has been used as a guide from (sic) other cases.

> Mrs. Grant, the Consulting Actuary for the System who was present at this meeting stated that inactive reserve should not be included for retirement credit and *that the original intent of the law was only* to provide for active service up to a maximum of 10 years. (Emphasis in original.)

> The Board took into consideration that such service has not been credited to other members and directed the Assistant Administrator to advise Mr. Armstrong that the only credit to be given for retirement purposes was that of active duty in the military and reserve service.

It is the foregoing ruling of the Board that petitioner challenges as erroneous. We disagree with petitioner.

█ Section 704(d) of Title 3 of the V.I. Code provides:

> Any employee shall be entitled to credited service, up to a maximum of 10 years, for all military service in the Armed Forces of the United States, including the army, navy, marines or coast guard, merchant marine, air force or any auxiliary thereof, either by enlistment or induction.

Petitioner would focus attention on the phrases "all military service" and "any auxiliary thereof". Thus he argues that under the plain and unambiguous reading of the statute, no aspect of the military reserve was excepted, ergo, service in the inactive reserve should be computed. We believe petitioner's emphasis to be misplaced. There is an ambiguity in the statute. It is to be found in the word "service". As has been said,

> [t]he word "service", so frequently used in statutes and otherwise in connection with military affairs, is an ambiguous one which is used in many senses. 53 Am.Jur.2d, Military and Civil Defense, p. 985.

The Board sought guidance as to the meaning of this word in the context of a retirement statute by looking to the comparable provision and the settled interpretation in the federal statute. The Government of the United States does not include service in the inactive reserve in computing retirement eligibility. It would be incongruous to interpret "service" in the Virgin Islands statute to give petitioner credit for time served when the very government to which he rendered this supposed service does not consider it when computing retirement credit. Indeed, it has even been held that cadet service at the U.S. Military Academy, even though a cadet is in the military service, does not count toward disability retirement payment. Travis v. United States, 137 Ct. Cl. 148, 146 F.Supp. 847 (1956).

The Virgin Islands statute at § 702(g) by way of definition states:

> "Service" shall mean employment as an employee of the employer for salary, wages or compensation.

The Court recognizes that the statute is there undertaking to define the relationship between a person, as an employee, and the Government of the Virgin Islands, as his employer. We nonetheless believe the definition to be helpful and instructive in connection with the issue here presented. As this Court understands the inactive reserve of any branch of armed forces of the United States it is a status in which the inactive reservist pursues regular employment, does assemble for meetings or drills, earns no salary, but might, should an emergency arise, be subject to an early call into the active service. Such a person, in this Court's judgment, is rendering absolutely no service and is not in service except in the poetic sense that "they also serve who only stand and wait", a meaning not

appropriate here. Moreover, to give credit for time spent on inactive reserve would be contrary to the guiding principle which favors credit for time spent in the military. The theory is that while in the active service the person was unable to follow his normal civilian pursuits, during which time he would have been accumulating time toward his retirement eligibility. It is to make-up for this loss that the States, and the Virgin Islands, have undertaken to give credit to service personnel. The inactive reservist suffers no such loss of time.

By definition, military service is "(a) the armed forces: in the service; (b) period or duration of active service." The American College Dictionary, Random House, New York, 1970 edition. Beyond the foregoing, we are of the opinion that given the ambiguity in the statute, deference to the interpretation of the administrative board is in order particularly since, as the board says, its interpretation is of long standing. See generally, K. C. Davis, Administrative Law Text 373–395 (2d Edition 1972).

Additionally, we conclude that the interpretation of the Board is by far more reasonable than that advocated by petitioner. Petitioner takes the position in argument that had the Legislature intended to exclude service in the inactive reserve it would have done so in explicit terms. However, in view of the fact that the interpretation urged by petitioner could very well lead to unreasonable and senseless results, it is this Court's position that had the legislature intended to so burden the public fisc it should have expressly included service in the inactive reserve. Petitioner has not cited the court to a single retirement system among the sovereign states of the United States in which credit is given for service in inactive reserve. True most statutes specifically speak in terms of "active service" whereas our Virgin Islands law merely says "service". Because we conclude that the broad sweep for which petitioner contends is unreasonable, whereas contrariwise the Board's interpretation we consider to be reasonable we will affirm the decision of the Board.